UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE PERRYMAN, on behalf of himself, HATTIE BELLE PERRYMAN, FRANCES P. RICE, and the AFRICAN AMERICAN CITIZENS of the UNITED STATES,<br><br>Plaintiffs,<br><br>v.<br><br>DEMOCRATIC NATIONAL COMMITTEE, NATIONAL DEMOCRATIC PARTY, and BARACK OBAMA as Party Leader,<br><br>Defendants. | CASE NO. C11-1503MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss. (Dkt. No. 14.) Having reviewed the motion, Plaintiffs' response (Dkt. No. 17), Defendants' reply (Dkt. No. 23), and all related filings (Dkts. No. 8, 10, 19, 20, 21, and 24), the Court GRANTS Defendants' motion to dismiss.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS- 1

**Background**

Plaintiffs allege that the Democratic Party has been a racist organization since its founding in the 1790s. (Dkt. No. 5 at 38.) Among other allegations, Plaintiffs link the Democratic Party, and co-Defendant President Obama, with the racism of the Ku Klux Klan and the Jim Crow era, and cite dozens of racist statements made by Democratic politicians over two centuries as evidence the party has a covert plan to achieve White supremacy. (Id.)

Appearing pro se, Plaintiffs bring this suit as a class action and ask the Court to certify a class of all living and deceased African Americans. (Id. at 11.) Plaintiffs state that they bring suit pursuant to 42 U.S.C. § 1983 and the Civil Liberties Act of 1988, 50 U.S.C. app. § 1989 et seq., which provides an apology and restitution to Japanese Americans who were interned during World War II. (Id. at 3.) Plaintiffs ask the Court to order the Democratic Party to issue a formal public apology to African Americans and to fund a variety of educational projects. (Id. at 38.)

**Discussion**

A. Res Judicata

This suit is barred by res judicata because it is Plaintiffs' third attempt to bring the same matter before the Court. Two prior cases were dismissed because the court determined that the injuries alleged were derivative and therefore insufficient to establish standing. (Case No. C04-2442MJP, Dkt. No. 16; Case No. C05-0722JCC, Dkt. No. 15.) The alterations that Plaintiffs have made in the present action—adding two more named Plaintiffs (one of whom is Mr. Perryman's mother, who died in 2002) and adding more examples of alleged discrimination—do not overcome res judicata's absolute bar to relitigating a matter that has been previously adjudicated on its merits. See Cromwell v. County of Sac, 94 U.S. 351, 352 (1876).

1  The doctrine of res judicata encompasses two separate types of preclusion: claim
2  preclusion and issue preclusion. Both apply to this suit. Claim preclusion bars parties from
3  relitigating the same claim, which includes all grounds for recovery that were previously
4  available, regardless of whether they were asserted in the prior proceeding. See Robi v. Five
5  Platters, Inc., 838 F.2d 318, 321-22 (9th Cir. 1988). Issue preclusion binds parties in a
6  subsequent action, even on a different claim, when an issue of fact or law has been actually
7  litigated and resolved by a valid final judgment. See Baker v. Gen. Motors Corp., 522 U.S. 222,
8  233 n.5 (1998).

9  Claim preclusion applies because Plaintiffs' action arises from the same series of
10 transactions or occurrences as the previous actions, and all grounds for recovery were previously
11 available. See Restatement (Second) of Judgments § 24 (1982). Although Plaintiffs introduce
12 some new evidence, including recent statements made by President Obama and Democratic
13 members of Congress, Plaintiffs do not contend that the basis for the underlying claims are not
14 related to Mr. Perryman's prior claims. (Dkt. No. 17 at 1-2.) Because Plaintiffs assert no grounds
15 for recovery that were not available in prior actions, Plaintiffs' claims are barred by res judicata.

16 Issue preclusion also applies. Under the doctrine of issue preclusion, a right, question, or
17 fact distinctly put in issue, and directly determined by a court of competent jurisdiction as a
18 ground of recovery, cannot be disputed in a subsequent suit between the same parties or their
19 privies. Southern P. R. Co. v. United States, 168 U.S. 1, 48 (1897). Here, the question of
20 standing is an issue of law, and it was directly determined by a court of competent jurisdiction.
21 See Cutler v. Hays, 818 F.2d 879, 889 (D.C. Cir. 1987) ("Standing ranks amongst those
22 questions of jurisdiction and justiciability not involving an adjudication on the merits, whose
23 disposition will not bar relegation of the case of action originally asserted, but may preclude, or
24

collaterally estop, relitigation of the precise issues of jurisdiction adjudicated.") Therefore, Plaintiffs are estopped from relitigating the issue of standing. Id.

Adding Plaintiffs Hattie Belle Perryman and Frances P. Rice to the complaint does not overcome the effect of preclusion, because these new Plaintiffs are in privity with Mr. Perryman. The Supreme Court has held that "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit." Taylor v. Sturgell, 553 U.S. 880, 894 (2008). Hattie Belle Perryman is in privity with Mr. Perryman because his prior suits represented her interests. (See Case No. C05-722JCC, Compl., Dkt. No. 1 at 19 (discussing the impact that racism had on Hattie Belle Perryman).) Plaintiff Frances P. Rice is also in privity with Mr. Perryman, because her interests are not distinct from those represented in Mr. Perryman's earlier suits. (See Dkt. No. 5 at 25-26 (describing Frances P. Rice as "just one of millions of African Americans" and her claims as "not unique").) On the issue of standing, Ms. Perryman and Ms. Rice were represented by Mr. Perryman's earlier suits, so they are bound by prior court rulings on that issue.

B.  Standing

Independently, Plaintiffs' suit fails because Plaintiffs lack standing. Standing is a prerequisite for federal court jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). The Supreme Court has identified three constitutional standing requirements: (1) the plaintiff must alleged that he has suffered an injury, (2) the plaintiff must allege that the injury is fairly traceable to the defendant's conduct, and (3) the plaintiff must allege that a favorable federal court decision is likely to redress the injury. Bennett v. Spear, 520 U.S. 154, 167 (1997).

First, Plaintiffs fail to allege that the injuries they have suffered are particularized, as required by Article III of the U.S. Constitution. (Dkt. No. 5 at 38.) Plaintiffs' fear, paranoia,

psychological scars, and unemployment due to the effects of persistent racism are not concrete and individualized injuries. Instead, they are properly classified as derivative and general injuries, and are not sufficient to satisfy the injury in fact requirement. See, e.g., In re African-Am. Slave Descendants Litig., 304 F. Supp. 2d 1027, 1052 (N.D. Ill. 2004) (dismissing claims for redress for injuries from slavery against nine corporate defendants on the ground that plaintiffs lacked standing).

Second, Plaintiffs do not claim that their injuries are directly caused by the conduct of Defendants. A plaintiff must allege that the personal injury they suffered is "fairly traceable to the defendant's allegedly unlawful conduct." Allen v. Wright, 468 U.S. 737, 751 (1984). While Plaintiffs' amended complaint covers more than two hundred years of American history and mentions numerous examples where members of the Democratic Party made racist statements, it does not make a direct connection between the Democratic Party's actions and the particular harms suffered by Plaintiffs. (Dkt. No. 5 at 25-34.) Without evidence of this direct link, Plaintiffs lack standing.

Finally, Plaintiffs do not demonstrate that the harms they have suffered will be redressed by the relief they seek. A plaintiff does not have standing to sue if he does not show that a favorable federal court decision would make a difference in redressing his harm. See Allen, 486 U.S. at 751. Plaintiffs seek a court order requiring the Democratic Party to make a formal public apology to African Americans and requiring the Democratic Party to fund educational projects. (Dkt. No. 5 at 38)  However, Plaintiffs do not show that this relief would sufficiently redress their injuries.

C. Failure to State a Claim

1    Plaintiffs' complaint, even if accepted as true, fails to state a claim entitling them to

2 relief. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

3 factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell

4 Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a 12(b)(6) motion, a court

5 must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in

6 plaintiff's favor. Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir. 1996). However, conclusory

7 allegations or legal conclusions are not entitled to the assumption of truth. Id.

8    Here, Plaintiffs' allegations regarding the responsibility of the Democratic Party for

9 racism they have experienced consist entirely of conclusory allegations and legal conclusions.

10 (Dkt. No. 5 at 25-34.) Even when the Court accepts Plaintiffs allegations regarding the

11 Democratic Party's historical racism as true, Plaintiffs fail to articulate how this history has

12 injured them in any more than a generalized manner. See Concha v. London, 62 F. 3d 1493,

13 1500 (9th Cir. 1995) (dismissal under Rule 12(b)(6) is proper if the plaintiff fails to properly

14 allege standing to sue).

15    D.  Class Action

16    Finally, the Court notes that this action cannot be brought as a class action, because

17 Plaintiffs appear pro se. Federal Rule 23(a)(4) states that individuals may sue on behalf of a class

18 only if the representative parties will fairly and adequately protect the interests of the class. Fed.

19 R. Civ. P. 23(a)(4). Adequacy is important because, in a class action, class members who are not

20 named parties to the litigation are nevertheless bound by any judgment in the action. See

21 Hansberry v. Lee, 311 U.S. 32, 42 (1940). Courts have consistently held that, because the legal

22 knowledge of a pro se class representative is limited, a pro se class representative cannot

23 adequately represent the interests of other class members. See, e.g., Hummer v. Dalton, 657 F.2d

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 6

1  621, 623 (4th Cir. 1981); Ethnic Awareness Org. v. Gangnon, 568 F. Supp. 1186, 1187 (E.D.
2  Wis. 1983).

3        Separately, pro se litigants are not attorneys, and may therefore not represent others. The
4  Local Rules of the Western District of Washington limit the bar of this Court to attorneys who
5  have been admitted to practice in the Western District of Washington. Local Rules W.D. Wash
6  GR 2(a). Further, Washington State law prohibits the unauthorized practice of law, which occurs,
7  among other instances, when "[a] nonlawyer practices law, or holds himself or herself out as
8  entitled to practice law." RCW 2.48.180(2)(a). Because he is not an attorney, Mr. Perryman may
9  not represent a class, and he may not represent others in this suit.

10                                       **Conclusion**

11       Because this suit is Plaintiffs' third attempt to relitigate the same matter, it is barred by
12 res judicata. Additionally, Plaintiffs allege generalized injuries which are insufficient to confer
13 standing, and they fail to state a claim upon which relief can be granted. Therefore, the Court
14 GRANTS Defendants' motion and DISMISSES this action with prejudice.
15       The clerk is ordered to provide copies of this order to all counsel.
16       Dated this 12th day of December, 2011.

                                                      Marsha J. Pechman
                                                      United States District Judge